**DIGITAL STORAGE, INC.,**
Plaintiff–Appellee,

v.

**EPLUS GROUP, INC., Defendant–**
**Appellant.**

No. 01–4317.

United States Court of Appeals,
Sixth Circuit.

May 5, 2003.

Before DAUGHTREY and GIBBONS, Circuit Judges, and MILLS, District Judge.*

PER CURIAM.

This case arose from a contract dispute between defendant-appellant ePlus Group, Inc. (ePlus) and plaintiff-appellee Digital Storage, Inc. (Digital). The facts are undisputed. Defendant ePlus leased computer equipment to Digital for a term of three

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illi-    nois, sitting by designation.

years ending on November 30, 2000. The lease would renew for a three-month period unless either party provided ninety days notice to the other of its intent to terminate the lease. Digital could purchase the equipment at the end of the lease for fair market value, if Digital notified ePlus of its intent to do so at least sixty days before the lease terminated. On August 31, 2000, Digital notified ePlus of its intent to terminate the lease in ninety days. On September 29, 2000, Digital attempted to exercise its purchase option. After initially making offers to sell the equipment, ePlus then refused, contending that Digital could not exercise its purchase option after providing notice of its intent to terminate the lease.

Digital sued for breach of contract, breach of the obligation of good faith and fair dealing, and unjust enrichment. It sought declaratory judgment and specific performance of the purchase option provision. Additionally, ePlus counterclaimed for anticipatory breach of contract, claiming that Digital was a holdover tenant and seeking monetary damages. Both parties moved for summary judgment. The district court granted summary judgment in favor of Digital, finding that Digital's notice of intent to terminate the lease in ninety days did not extinguish its purchase option and that Digital properly exercised the purchase option. It stated that "[t]here is no language in the contract stating that the purchase option was invalidated once a party gave notice of intent to terminate. As long as the contract remained in effect, so too did the purchase option." *Digital Storage, Inc. v. ePlus Group, Inc.*, No. C–2–01–002, 2001 WL 1678786 (S.D.Ohio Nov. 16, 2001). Among other cases, the district court cited *Shell Oil Co. v. Addessi*, 363 F.2d 101, 103 (1st Cir.1966), which states, "If a period of notice is required, the contract remains in force and must continue to be performed according to its terms during the specified period after receipt of the notice of termination." The district court also held that ePlus breached the lease contract by refusing to permit Digital to exercise its purchase option. Finding that specific performance was the most cost- and time-efficient form of relief, the district court ordered ePlus to sell the equipment to Digital for the value at which it had been appraised. ePlus now appeals that decision. It contends that the district court should have held that the notice of intent to terminate the lease terminated the purchase option immediately.

For the reasons articulated by the district court in its summary judgment order, we agree that Digital's notice of intent to terminate the lease did not terminate it immediately, but rather provided for termination ninety days after the notice. This holding is supported by the termination provision in the contract as well as the language of the notice itself. In this case, it is undisputed that the purchase option is part of the lease, such that it was valid as long as the lease itself remained in effect. Therefore, the purchase option was still in effect when Digital attempted to exercise it.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in granting summary judgment in favor of Digital. Because the reasons why judgment should be entered for ePlus have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we affirm the judgment of the district court upon the reasoning set out by that court in its opinion and order entered November 16, 2001.